Arlington Caldwell v. The State.

No. 8848.   Delivered April 15, 1925.

Rehearing denied May 20, 1925.

1.—Manslaughter—Continuance—No Statement of Facts.

Where there is no statement of facts brought before us, we cannot review the question arising in refusing defendant's application for a continuance.

2.—Same—Former Conviction—Quantum of Proof.

The rule is long established in this state that where the defendant interposes a plea of former conviction the burden is upon him to prove his allegations in such plea, by a preponderance of the evidence, and that no greater degree of proof is required. Following David and Thompson v. State, 40 Tex. C. R. 285 and other cases cited.

3.—Same—Former Conviction—Plea of—No Statement of Facts.

Where defendant filed a plea of former conviction, but the record before us is without a statement of facts, we are not prepared to pass intelligently upon appellant's complaint of the charge of the court on this issue. Under Art. 743 of our Code of Criminal Procedure, to warrant us in reversing a case, it must appear that the error as it appears from the record was calculated to injure the defendant.

4.—Same— Judgment—Reformed.

The judgment of conviction as it appears in the transcript condemns defendant to confinement in the penitentiary for not "less than five nor more than five years." It is here reformed to condemn him to confinement in the penitentiary for a term of not less than two, nor more than five years.

Appeal from the District Court of Nacogdoches County.   Tried below before the Hon. L. D. Guinn, Judge.

Appeal from a conviction for manslaughter based upon the killing of his wife; penalty, five years in the penitentiary.

The opinion states the case.

*June C. Harris,* of Austin, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney for, the State.

100 Tex. Crim.—39.

HAWKINS, JUDGE.—Defendant is under conviction for manslaughter based upon the killing of his wife, Ida Caldwell, and his punishment fixed at five years' confinement in the penitentiary.

The record is before us without a statement of facts. No bill of exception appears save that to the charge of the court. In this condition of the record we can not review the question arising in overruling defendant's application for continuance. Even had there been exception reserved to the ruling we would not be able to pass intelligently upon it in the absence of the evidence.

Defendant interposed a plea of former conviction alleging that he had theretofore been convicted for killing John Martin, and that the killing of Martin was one and the same transaction, act and volition which resulted in the death of Ida Caldwell. The court submitted defendant's plea to the jury telling them if they believed the transaction and facts happening at the time defendant killed his wife were the same transaction and facts upon which he was tried and convicted for killing Martin that they would find his plea of former conviction true. The court further told them the burden was upon defendant to show that he was the same person tried in the cause for killing Martin and that the transaction and facts were the same in the present case as in that case. This charge was excepted to because the court failed to tell the jury that the burden necessary for defendant to discharge was to establish by a "preponderance of the evidence" that he had been convicted of the same offense. Objection was also made that the charge as given left the matter uncertain, in that the jury would infer from the charge as given that defendant would be required to show "beyond a reasonable doubt" that the two killings constituted but one offense.

We think the court should have amended his charge so the jury might have been advised that the burden resting upon defendant under the circumstances was only to establish the truth of his plea of former conviction by a preponderance of the evidence. This seems to be the rule long established in this state. Davidson and Thompson v. State, 40 Tex. Cr. R. 285; Wills and Boyd v. State. 24 Tex. Cr. App. 586; Benton v. State, 52 Tex. Cr. R. 422; 107 S. W. 837. Other cases upon the point will be found collated in paragraph 11 under Sec. 630, Branch's Ann. P. C. However, we are not inclined to agree with the contention that the charge as written would cause the jury to infer that defendant was required to establish the truth of his plea beyond a reasonable doubt. Conceding that the charge expected to was not accurate in the respect complained of, yet we are forbidden by the provisions of Article 743, of our Code of Criminal Procedure to reverse a judgment where such an error occurs unless it appear from the record that the same was calculated to injure the rights of the defendant. Without knowledge

of the facts proven upon the trial manifestly we are not in a position to say the error was calculated to injure defendant. The evidence may have been overwhelming against the truth of the plea. In the absence from the record of the facts proved we must uphold the judgment because we can not ignore the mandatory provisions of Art. 743. (*supra.*)

The judgment of conviction as we find it in the transcript condemns defendant to confinement in the penitentiary "for a term of not less than five or more than five years," thereby denying to him the benefit of the indeterminate sentence. The judgment will be so reformed as to condemn him to confinement in the penitentiary for a term of not less than two nor more than five years, and as so reformed the judgment is affirmed.

*Affirmed.*