## J. J. HAIL V. THE STATE.

### No. 10853.   Delivered April 13, 1927.

**1.—Possessing Intoxicating Liquor—Indictment—Charging Prior Conviction—Held Sufficient.**

Where, on a trial for possessing intoxicating liquor for the purpose of sale, the second count in the indictment charging a prior conviction, under Art. 62 P. C., which provides for an increased punishment on a second conviction for the same felony, used the words "the same felony hereinbefore charged against him," is not susceptible of the construction that it charges the same transaction for which appellant was then on trial.

**2.—Same—Second Conviction—Judicial Knowledge.**

Where a second count in an indictment brought under Art. 62 P. C., charging a prior conviction for the same felony, it appears that the prior conviction was in the same court, the trial court will take judicial knowledge as to whether or not appellant had been formerly tried and convicted for the same offense charged in the case then on trial, and the presumption of law prevails, that in the absence of a showing to the contrary, the court's ruling was correct.   See Holdman v. State, 251 S. W. 218.

**3.—Same—Continued.**

If both of said trials did involve the same transaction, then the burden of proof was upon the appellant to show these facts.   See Branch's Ann. P. C., Sec. 630, p. 319, citing Hozier v. State, 6 Tex. Crim. App., and other authorities.

Appeal from the District Court of Hale County.   Tried below before the Hon. Charles Clements, Judge.

Appeal from a conviction for possessing intoxicating liquor, penalty three years in the penitentiary.

The opinion states the case.

No brief filed by appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of unlawfully possessing intoxicating liquor for the purpose of sale, and his punishment assessed at three years in the penitentiary.

The record discloses that the appellant was charged in the first count of the indictment with unlawfully possessing for the purpose of sale intoxicating liquor on or about the 25th day of December, 1926.   The second count of the indictment follows:

"And the grand jurors do further present that, prior to the commission of the aforesaid offense by the said J. J. Hail, to-wit, on the 3rd day of January, A. D. 1926, in the District Court of

Hale County, state aforesaid, the said J. J. Hail was duly and legally convicted in said last named court, of the offense of unlawfully possessing for sale spirituous liquors capable of producing intoxication, the same felony hereinbefore charged against him, upon an indictment then legally pending in said court and of which the said court had jurisdiction."

The only issue presented in this case is the refusal of the court to quash the indictment because of the second count showing upon its face, according to appellant's contention, that the appellant had been convicted previously of the same offense, and because the state was again attempting to place him in jeopardy, in violation of the constitution of this state. The appellant did not testify on the trial and there is no evidence to show that he had ever been convicted of the same offense for which he was tried in the instant case. Upon reading the second count of the indictment, it is apparent that appellant is there charged with having been convicted of the "same felony" on January 3, 1926, prior to the date alleged in the first count of the indictment, to-wit, December 25, 1926. It was evidently not the intention of the state to charge that it was the same offense, as the second count of the indictment charges that the appellant was convicted in January prior to the alleged commission of the offense for which he was being tried in the instant case. It is also apparent from the use of the term "same felony" that the state did not intend to charge or convey the idea that it was the same offense for which appellant was then being tried, but a felony of the same kind. The record discloses, from the indictment and otherwise, that the above trials were before the same court, and the trial court could judicially know whether or not the appellant had been formerly tried and convicted for the same offense charged in the instant case, and the presumption of law prevails, in the absence of a showing to the contrary, that the court's ruling was correct. See Holdman v. State, 251 S. W. 218. In the instant case, the first count of the indictment, the evidence, and the court's charge all point to the offense as having been committed on or about December 25, 1926. It is evident from the record that the state, in drafting the second count of the indictment, contemplated asking upon the trial for an increased punishment, as provided in Art. 62, P. C., but thereafter abandoned this course.

If both of said trials did involve the same transaction, then the burden of proof was upon appellant to show these facts. See Branch's Ann. P. C., Sec. 630, p. 319, citing Hozier v. State,

6 Tex. Crim App. 503; Benton v. State, 52 Tex. Crim. Rep. 422, 107 S. W. 837, and other authorities.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.