Ex parte Steve **TOMLINSON**,

**No. 3–93–654–CR.**

Court of Appeals of Texas,
Austin.

Oct. 26, 1994.

Phillip Scott McClure, San Angelo, for appellant.

Stephen H. Smith, Dist. Atty., Franklin D. Brown, Asst. Dist. Atty., San Angelo, for appellee.

Before ABOUSSIE, JONES and KIDD, JJ.

JONES, Justice.

Steve Tomlinson, appellant, appeals from the district court's denial of a pretrial writ of habeas corpus. Appellant is currently under

indictment for possession of marihuana. He contends that his criminal prosecution is barred by the double jeopardy protection of the United States and Texas Constitutions because he has already suffered a punitive civil forfeiture for the same offense. The district court denied the habeas relief. We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 4, 1993, pursuant to a warrant, San Angelo police officers searched appellant's residence based on probable cause for marihuana possession. As a result of this search, officers seized $15,530 in currency, a small quantity of marihuana, scales, and assorted drug paraphernalia. While the officers were conducting the search, Wesley Clary arrived at the back door. After being identified, Clary was released and left the premises. Later, police discovered a red and white cooler near the back door where Clary had been standing. This cooler contained approximately one pound of marihuana. It too was seized.

Suspecting Clary may have placed the cooler there to avoid arrest, police later questioned him. Clary admitted that he had indeed placed the cooler there, and he consented to a search of his own residence. There he led police to a homemade audio speaker, inside of which officers discovered sixteen and one quarter pounds of marihuana. Clary told police that he and appellant owned the marihuana. He also told police that the speaker was part of a matching set and that the mate was at appellant's residence. Believing that the presence of the matching speaker at appellant's residence would tend to show that appellant "possessed" the marihuana discovered at Clary's residence, police obtained another search warrant to retrieve the matching speaker from appellant's residence.[1] The Tom Green County grand jury indicted appellant for possession of more than five, but less than fifty, pounds of marihuana. Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1, § 481.121, 1989 Tex.Gen.Laws 2230, 2939

(Tex.Health & Safety Code Ann. § 481.121, since amended) (hereafter "former section 481.121").

In March 1993 the State initiated a civil forfeiture suit against the $15,530 found in the initial search of appellant's residence. Tex.Code Crim.Proc.Ann. §§ 59.01–.06 (West Supp.1994). In that suit the State alleged that appellant and his father, Walter Tomlinson, were in possession of a felony quantity of marihuana on February 4, 1993, and that the currency was subject to forfeiture either as "proceeds gained from the commission of a felony offense" or alternatively because it was "used or intended for use in the commission of a felony offense" under former section 481. On July 28, 1993, the State and the Tomlinsons entered into an agreed judgment dividing the seized funds. Walter Tomlinson was to retain half, $7,565; the State received the other half. Appellant, who maintained that $4,000 of the seized money was his, received nothing. The judgment of forfeiture recited that appellant consented to the judgment, but did not recite the specific legal basis for the forfeiture.

Before trial on the marihuana-possession charge, appellant filed an application for a writ of habeas corpus in the trial court. He contended that the forfeiture of his $4,000 was a substantial punitive forfeiture for the same offense, thus barring subsequent criminal prosecution under the double jeopardy provisions of both the United States and Texas Constitutions. U.S. Const. amend. V, XIV; Tex. Const. art. I, § 14. Following a hearing on the writ, the district court denied relief. The court did, however, stay the criminal prosecution pending appellant's appeal to this Court.

## DISCUSSION

In this appeal, appellant strenuously argues that his forfeiture of $4,000 was "punitive" and bars his criminal prosecution for marihuana possession. He relies on *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), and its progeny for the proposition that civil actions can be punitive for double jeopardy purposes.

---

1. The present record does not indicate whether this search was carried out and, if it was, wheth-

er the second speaker was found. Such facts are not material to the issues in this appeal.

When applied to civil forfeiture of drug proceeds and criminal prosecution for the underlying drug offense, this is indeed a murky area of law that has left the federal courts of appeals seemingly at odds. *Compare United States v. $405,089.23 U.S. Currency*, 33 F.3d 1210, 1220–21 (9th Cir.1994) (holding civil forfeiture is punishment barred by double jeopardy following criminal convictions for conspiracy and money laundering in connection with methamphetamine manufacturing operation) *with United States v. Tilley*, 18 F.3d 295, 299–300 (5th Cir.1994) (holding forfeiture of drug proceeds is remedial and does not bar subsequent criminal prosecution for sale of drugs). Mirroring the division in federal authority, the two Houston courts of appeals have recently entered this fray. *Compare Fant v. State*, 881 S.W.2d 830 (Tex. App.—Houston [14th Dist.] 1994, pet. granted) (Texas forfeiture law is punitive and invokes double jeopardy protection) *with Johnson v. State*, 882 S.W.2d 17 (Tex.App.—Houston [1st Dist.] 1994, pet. granted) (Texas forfeiture law is primarily remedial, and double jeopardy considerations are not implicated unless the forfeiture is "overwhelmingly disproportionate to the damage appellant caused."). It is, however, unnecessary for us to grapple with this thorny issue, because the present appeal resolves at an analytically earlier stage.

■ The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. It protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *Halper*, 490 U.S. at 440, 109 S.Ct. at 1897; *Iglehart v. State*, 837 S.W.2d 122, 127 (Tex.Crim.App.1992). Conceptually, the relevant provisions of both the United States and Texas constitutions are identical. *Phillips v. State*, 787 S.W.2d 391, 393 n. 2 (Tex. Crim.App.1990). Both speak of double jeopardy in terms of the "same offense." *Id.* at 393. In determining what constitutes an "offense," state legislatures are free to define crimes and fix punishments. Once they have acted, however, courts may not impose more than one punishment for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977).

■ Appellant argues that his civil forfeiture "punished" him for the same marihuana offense now charged in the criminal indictment. We disagree. In all of the authorities cited by appellant, there is no dispute that the state targeted exactly the same offense in both the civil and criminal actions. *See Montana Dep't of Revenue v. Kurth Ranch*, —— U.S. ——, ——–——, 114 S.Ct. 1937, 1942–43, 128 L.Ed.2d 767 (1994) (involving criminal convictions for possession and conspiracy to possess drugs with later civil tax applied to the same possessed drugs); *United States v. Dixon*, —— U.S. ——, ——, 113 S.Ct. 2849, 2853, 125 L.Ed.2d 556 (1993) (concerning use of contempt proceedings and criminal prosecution for same drug offense); *Halper*, 490 U.S. at 437–38, 109 S.Ct. at 1896–97 (applying civil and criminal actions to the same sixty-five false claim violations); *$405,089.23 U.S. Currency*, 33 F.3d at 1216 ("[T]his civil forfeiture action and the claimants' criminal prosecution addressed the identical violations of the identical laws...."); *Tilley*, 18 F.3d at 297–98 (predicating civil forfeiture proceeding on the same drug trafficking offenses as charged in the indictment); *United States v. Sanchez–Escareno*, 950 F.2d 193, 194–95 (5th Cir.1991) ("The assessed civil fines addressed the same conduct which was the basis of the subsequent criminal indictments."), *cert. denied*, —— U.S. ——, 113 S.Ct. 123, 121 L.Ed.2d 78 (1992); *Fant*, 881 S.W.2d at 831 (involving single charge of possession with intent to deliver followed by civil forfeiture). In the present case, however, the civil forfeiture was based on a different offense from that charged in the criminal prosecution.

■ The Texas legislature has created two separate and distinct offenses: delivery of marihuana punishable under former section 481.120 and possession of marihuana punishable under former section 481.121. Double Jeopardy does not bar prosecution for distinct possession and delivery offenses where separate drug quantities are identified for each offense. *See Smith v. State*, 873 S.W.2d 773, 775 (Tex.App.—Fort Worth 1994, no

pet.) (possession and delivery of cocaine); *Toro v. State,* 780 S.W.2d 510, 512 (Tex. App.—San Antonio 1989, no pet.) (possession and delivery of cocaine); *Torrez Diaz v. State,* 762 S.W.2d 701, 704 (Tex.App.—Houston [14th Dist.] 1988) (possession and delivery of cocaine), *pet. ref'd,* 796 S.W.2d 183 (Tex.Crim.App.1990); *cf. State v. Holguin,* 861 S.W.2d 919, 920–21 (Tex.Crim.App.1993) (holding possession of marihuana charge not barred by previous conviction of possession of drug paraphernalia); *Lozano v. State,* 676 S.W.2d 433, 435 (Tex.App.—Waco 1984, no pet.) (holding same marihuana transaction punishable under both former possession and delivery for remuneration statutes).

Since the State is free to prosecute both of these separate criminal offenses, there is no reason why the State may not target one through a civil action and the other through a criminal prosecution. This is precisely what the State has done with the separate and discrete transactions involved here. One of the grounds on which the civil forfeiture suit was premised was a delivery-of-marihuana offense. The suit alleged that the money seized was either proceeds gained from the commission of a felony offense under former section 481, or alternatively was intended for use in commission of a felony under former section 481. Even if the alternative ground ("intended for use in commission") was somehow connected with a possession offense, the first ground ("proceeds gained from the commission") necessarily means that *delivery* of marihuana is at issue. Mere *possession* of marihuana would not yield proceeds.

▬ Appellant has the burden to prove former jeopardy. *See Anderson v. State,* 635 S.W.2d 722, 725 (Tex.Crim.App.1982); *Hoang v. State,* 810 S.W.2d 6, 8 (Tex.App.—Dallas 1991), *aff'd,* 872 S.W.2d 694 (Tex.Crim. App.1993). This necessarily includes, of course, showing that the offense for which he is threatened with prosecution is the same offense as the one for which he has already been punished. *See Hail v. State,* 106 Tex. Crim. 511, 293 S.W. 831, 832 (Tex.Crim.App. 1927). Thus, at the very least, appellant had the burden of showing that the forfeiture was not based on the currency's being "proceeds gained from the commission," but rather was based on its being "intended for use in commission." In the absence of such a showing, we must presume it was for the delivery offense. In contrast, the current criminal indictment is for possession of more than five, but less than fifty, pounds of marihuana under former section 481.121. In this charge, the State seeks to punish appellant for possession of the cache of marihuana seized from the speaker at Clary's residence. This is separate and distinct from the delivery offense presumably punished by the civil forfeiture. Therefore, appellant has not carried his burden of showing the identity of the two offenses.

Appellant maintains, however, that the civil forfeiture cannot be punishment for a separate and distinct offense because the State would have to rely on the same facts for both the civil forfeiture and the criminal possession charge. We disagree. The affidavit of William Mabe accompanying the forfeiture suit recounts that, on execution of the February 4, 1993 search warrant of appellant's residence, police seized a felony amount of marihuana, $15,530 in currency, and scales indicating that marihuana was being weighed out for resale. The marihuana described in this affidavit must refer to the pound of marihuana discovered in the red and white cooler since it was the only felony quantity of marihuana discovered at appellant's residence. These facts support the conclusion that the civil forfeiture was for a delivery-of-marihuana offense. The facts surrounding the possession charge, however, are completely different. These involve appellant's relationship with Clary, the matching pair of audio speakers, and the sixteen plus pounds of marihuana seized at another location—Clary's residence. Thus, the present case involves not only conceptually distinct offenses, but factually separate transactions.

In summary, we must presume that if the State "punished" appellant through the civil forfeiture, it was for a delivery offense. Appellant has not carried his burden to demonstrate otherwise. The current criminal indictment for possession, however, is both factually and legally distinct. Because we conclude that the State has targeted two separate and distinct offenses, double jeopardy

does not bar appellant's criminal prosecution for the possession charge. We do not address whether civil forfeiture is in fact "punishment" for double jeopardy purposes when the State does rely on a single offense.

## CONCLUSION

We affirm the district court's order denying habeas corpus relief.