TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00740-CR







Ex Parte: Ian Case Lawler, Appellant









FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 94-013-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING







 Appeal is taken from the trial court's denial of relief on a pretrial writ of habeas
corpus. Appellant is currently under indictment for possession with the intent to deliver a
controlled substance, cocaine. He contends that his criminal prosecution is barred by the double
jeopardy provisions of the United States and Texas Constitutions because the State's forfeiture of
his property is punishment for the same offense for which he is indicted. We will affirm the trial
court's denial of habeas relief.

 The evidence at the habeas hearing consisted solely of exhibits introduced by
stipulation or without objection. Appellant introduced the proceedings in a cause styled the State
of Texas v. A Safe et al. The notice of seizure and intended forfeiture reflected that on July 6,
1993 peace officers seized "a safe, a .38 caliber Smith & Wesson revolver with pouch and
ammunition, a bag containing what is believed to be marihuana, a bag containing what is believed
to be cocaine, a set of scales, and $2700 in United States currency." The default judgment of
forfeiture showed that the foregoing notice was served on Ian Case Lawler on July 14, 1993. All
items listed in the notice were ordered forfeited to the State based on the trial court's general
finding that the property was used or intended to be used in the commission of a felony under the
Texas Controlled Substances Act or Health and Safety Code. The only exhibit introduced by the
State at the habeas hearing reflects the findings of a Department of Public Safety chemist's
analysis of three "exhibits," all of which were found to contain cocaine in amounts weighing 2.94
grams, 4.80 grams and 4.84 grams.

 Appellant relies on United States v. Halper, 490 U.S. 435 (1989), for the
proposition that the civil forfeiture in the instant cause amounted to punishment subject to
constitutional scrutiny for double jeopardy purposes. In Ex parte Tomlinson, 886 S.W.2d 544
(Tex. App.--Austin 1994, no pet.), this Court noted that this was a "murky area of the law" that
has created a division of authority among both federal and state courts. Id. at 546. However, it
is unnecessary for us to reach the Halper issue in the instant cause.

 Appellant has the burden of proving former jeopardy. Andersen v. State, 635
S.W.2d 722, 725 (Tex. Crim. App. 1982). This includes "showing that the offense for which he
is threatened with prosecution is the same offense as the one for which he has already been
punished." Tomlinson, 866 S.W.2d at 547. Absent such showing, double jeopardy does not
attach. See Cole v. State, 776 S.W.2d 269, 270-71 (Tex. App.--Houston [14th Dist.] 1989, no
pet.). The indictment alleged possession of cocaine with intent to deliver, an offense under
section 481.112 of the Health and Safety Code. Tex. Health & Safety Code Ann. § 481.112
(West Supp. 1995). The judgment in the forfeiture proceeding showed that all items in the notice
of seizure, including "a bag containing what is believed to be marihuana," were forfeited to the
State. Appellant has not negated the possibility that the property was seized for felony delivery
or possession of marihuana. See Tex. Health & Safety Code Ann. §§ 481.120-.121 (West Supp.
1995). Moreover, the notice of seizure reflects "a bag containing what is believed to be cocaine"
while the lab analysis shows three separate exhibits that contained cocaine.

 In addition to showing that the threatened prosecution is the same offense for which
he already has been punished, appellant has the burden of identifying himself as the person
previously subjected to punishment for the same offense. The fact that the names are the same
is not sufficient to show that the person named in the forfeiture is the person threatened with
prosecution under the indictment. See Elizalde v. State, 507 S.W.2d 749, 752 (Tex. Crim. App.
1974). Methods of proving that the accused is the same person previously punished include
stipulation or judicial admission, testimony of a witness, and certified judgments and fingerprints. 
See Alridge v. State, 732 S.W.2d 395 (Tex. App.--Dallas 1987, pet. ref'd). Appellant presented
no evidence connecting himself with the person named in the civil forfeiture default judgment.

 Without deciding whether the civil forfeiture in the instant cause is punishment for
double jeopardy purposes, we hold that appellant has not discharged his burden of showing that
the offense for which he is threatened with prosecution resulted in the civil forfeiture. 
Accordingly, we affirm the trial court's order denying habeas corpus relief.



 

 Tom G. Davis, Justice

Before Justices Jones, Kidd and Davis*

Affirmed

Filed: May 17, 1995

Do Not Publish

* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).