The STATE of Texas, Appellant,

v.

**Luis Adalberto SOLAR, Appellee.**

**The STATE of Texas, Appellant,**

v.

**Fidencia URTADO, Appellee.**

Nos. 2–95–014–CR, 2–95–015–CR.

Court of Appeals of Texas, Fort Worth.

Aug. 24, 1995.

Rehearing Overruled Oct. 5, 1995.

Tim Curry, Criminal District Attorney, Betty Marshall and Charles M. Mallin, Assistant Chiefs of the Appellate Section, David M. Curl and Betty Arvin, Assistants, Fort Worth, for the State.

Toby Goldsmith, Fort Worth, for appellee, Solar.

Donald S. Gandy and David L. West, Fort Worth, for appellee, Urtado.

Before CAYCE, C.J., and DAY and BRIGHAM, JJ.

## OPINION

CAYCE, Chief Justice.

In this consolidated appeal, the State of Texas complains of trial court orders granting Luis Adalberto Solar's and Fidencia Urtado's applications for writ of habeas corpus. Solar and Urtado contended that their criminal prosecutions for aggravated possession of cocaine are barred under double jeopardy principles because they had previously been parties to a civil in rem forfeiture proceeding. We reverse the trial court's orders and remand the cases for further proceedings because we find that the civil forfeiture and criminal prosecutions are based on separate and distinct offenses.

On July 7, 1993, Department of Public Safety Officer Kelly North, working in an undercover capacity, arrested Jorge E. Lujan for delivery of two kilos of cocaine. Lujan informed Officer North that he obtained the cocaine from Solar at the residence Solar shared with Urtado, and that additional quantities of cocaine could be obtained from Solar at his residence. Based on this information, Officer North obtained the search warrant for Solar and Urtado's residence.

In executing the search warrant, Officer North seized two kilos of cocaine from inside a Diet Coca–Cola box on the dining room table. Several items of property located in and around Solar and Urtado's residence were seized on the same day "as a result" of the execution of the search warrant.

The State subsequently brought a civil forfeiture action against Solar and Urtado pursuant to Tex.Code Crim.Proc.Ann. art. 59.01(2)(B), (C) (Vernon Supp.1995).[1] On April 22, 1994, Solar and Urtado agreed to forfeit the following property to the State: (1) $1,666.50; (2) one RCA TV, # 020530445; (3) one Memorex Video Camera Recorder, # J2SA23804; (4) one Zenith TV, # LC230908; (5) one Magnavox Video Camera Recorder, # KX198826; (6) one ruby ring; (7) one diamond cluster ring; (8) two Mexican gold coins (approximate value $400); (9) one gold coin ring; (10) one diamond bracelet; (11) one ruby ring; (12) one diamond ring; (13) one diamond ring set; (14) one gold coin bracelet; (15) one gold bracelet; (16) one coin necklace; (17) $2,777.50; (18) $1,111; and (19) one 1990 Pontiac Bonneville, VIN 1G2HX54C5L1201251.

On December 30, 1994, in the order which is the subject of this appeal, the Criminal District Court No. 2 barred the criminal prosecutions of Solar and Urtado for the two kilos of cocaine, finding in pertinent part:

2. Forfeitures ordered by a court under the authority of Chapter 59 of the Texas Code of Criminal Procedure are punishments because they are punitive in nature. Thus the nature and value of the forfeited property are independent of any

---

1. Article 59.01(2)(B) and (C) provides as follows:

(2) "Contraband" means property of any nature, including real, personal, tangible, or intangible, that is:
....
(B) used or intended to be used in the commission of:
(i) any felony under Chapter 481, Health and Safety Code (Texas Controlled Substances Act);
(ii) any felony under Chapter 483, Health and Safety Code;
(iii) a felony under Article 350, Revised Statutes; or

(iv) any felony under Chapter 34, Penal Code; or
*Text of subpar. (iv) as added by Acts 1993, 73rd Leg., ch. 828, § 1*
(iv) a Class A misdemeanor under Subchapter B, Chapter 365, Health and Safety Code, if the defendant has been previously convicted twice of an offense under that subchapter;
(v) any felony under The Sale of Checks Act (Article 489d, Vernon's Texas Civil Statutes);
(C) the proceeds gained from the commission of a felony listed in Paragraph (A) or (B) of this subdivision or a crime of violence....
Tex.Code Crim.Proc.Ann. art. 59.01(2)(B), (C).

costs associated with the criminal acts, or the ramifications of those criminal acts, that gave rise to the forfeiture cause.

3. The [F]ifth and Fourteenth Amendments to the United States Constitution, as well as Article I, Section 14 of the Texas Constitution, prohibit multiple punishments for the same offense. The judgment in the forfeiture case, Cause No. S–2887, became final on April 22, 1994. Since the forfeiture action was *based on the same criminal conduct* alleged in [Indictment Nos. 0520622A and 0529620A], the punishment assessed in the forfeiture cause bars any further proceedings in [Cause Nos. 0520622A and 0529620A]. [Emphasis supplied.]

In points of error one, two, and five of its briefs, the State urges that the trial court erred in granting Solar's and Urtado's requests for habeas corpus relief on federal and state double jeopardy grounds because Solar and Urtado failed to meet their burden of showing that the civil forfeiture was for the same offense as the criminal prosecution for the offense of aggravated possession of a controlled substance.

■■■ The federal Double Jeopardy Clause, which is applicable to the states,[2] provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. It protects against a second prosecution for the same offense after acquittal or conviction, and against multiple punishments for the same offense. *United States v. Dixon,* 509 U.S. ——, ——, 113 S.Ct. 2849, 2855–56, 125 L.Ed.2d 556, 567–68 (1993); *Ex parte Tomlinson,* 886 S.W.2d 544, 547 (Tex.App.—Austin 1994, no pet.). The equivalent provision of the Texas Constitution provides:

No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction.

TEX. CONST. art. I, § 14. Texas's double jeopardy provision is "conceptually identical" to the federal provision and provides no greater protection than the federal constitution. *Ex parte Davis,* 893 S.W.2d 252, 256 (Tex.App.—Austin 1995, pet. filed); *Parrish v. State,* 889 S.W.2d 658, 661 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd).

■■ In order to invoke the protection of the Double Jeopardy Clause against multiple punishments for the same offense, the defendant has the burden to show that "the offense for which he is threatened with prosecution is the *same offense* as the one for which he has already been punished." *Ex parte Tomlinson,* 886 S.W.2d at 547 (emphasis supplied). The United States Supreme Court enunciated the standard to apply when determining whether multiple prosecutions are for the "same offense" in *Blockburger v. United States:*

[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.... "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

*Blockburger,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932) (citations omitted); *see also Rice v. State,* 861 S.W.2d 925, 925 (Tex.Crim.App.1993); *State v. Holguin,* 861 S.W.2d 919, 920 (Tex.Crim.App.1993). This test was reaffirmed in *Dixon,* 509 U.S. at ——, 113 S.Ct. at 2856, 125 L.Ed.2d at 568.[3]

---

2. *Benton v. Maryland,* 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707, 716 (1969).

3. In its orders granting Solar's and Urtado's applications for habeas corpus relief, the trial court incorrectly relied on its conclusion that the forfeiture and the criminal prosecutions were based on the "same conduct." *See Grady v. Corbin,* 495 U.S. 508, 510, 110 S.Ct. 2084, 2087, 109

L.Ed.2d 548, 557 (1990) ("if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted," a second prosecution may not be had). The *Grady* "same conduct" test was rejected in *Dixon. Dixon,* 509 U.S. at ——, 113 S.Ct. at 2860, 125 L.Ed.2d at 573; *see Ex parte Brosky,* 863 S.W.2d 783, 786–

Not only must multiple prosecutions involve the "same offense" to invoke double jeopardy principles, but the prosecutions must subject the defendant to multiple "punishments."[4] The Double Jeopardy Clause does not bar remedial civil proceedings based on the same offense as a prior criminal prosecution, or vice versa. *See United States v. Tilley*, 18 F.3d 295, 297–98 (5th Cir.), *reh'g denied en banc*, 22 F.3d 1096 (5th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 574, 130 L.Ed.2d 490 (1994); *Ward v. State*, 870 S.W.2d 659 (Tex.App.—Houston [1st Dist.], pet. ref'd), *vacated and remanded*, —— U.S. ——, 115 S.Ct. 567, 130 L.Ed.2d 485 (1994) (for reconsideration in light of *Montana Dep't of Revenue v. Kurth Ranch*, —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994)); *Walker v. State*, 828 S.W.2d 485, 490 (Tex.App.—Dallas 1992, pet. ref'd). As recently as 1972, the United States Supreme Court stated:

> Congress may impose both a criminal and a civil sanction in respect to the same act or omission; for the double jeopardy clause prohibits merely punishing twice, or attempting a second time to punish *criminally, for the same offense.*

*One Lot Emerald Cut Stones v. United States*, 409 U.S. 232, 235–36, 93 S.Ct. 489, 492, 34 L.Ed.2d 438, 442 (1972) (per curiam) (quoting *Helvering v. Mitchell*, 303 U.S. 391, 399, 58 S.Ct. 630, 633, 82 L.Ed. 917, 922 (1938)) (emphasis supplied).

However, the Supreme Court has held that a criminal conviction can violate a defendant's protection against multiple punishments if a prior civil penalty provision is so extreme that it subjects the offender to a sanction overwhelmingly disproportionate to the loss caused to the State by the defendant's conduct. *United States v. Halper*, 490 U.S. 435, 439–50, 109 S.Ct. 1892, 1896–1903, 104 L.Ed.2d 487, 496–503 (1989). This is

often referred to as "the *Halper* disproportionality rule." Applying this standard, three of our sister courts have held that civil forfeiture actions are not "punishment." *Ex parte Camara*, 893 S.W.2d 553 (Tex.App.—Corpus Christi 1994, pet. filed); *Johnson v. State*, 882 S.W.2d 17 (Tex.App.—Houston [1st Dist.] 1994, pet. granted); *Ward*, 870 S.W.2d at 659; *Walker*, 828 S.W.2d at 490; *Ex parte Rogers*, 804 S.W.2d 945, 950 (Tex. App.—Dallas 1990, no pet.). Only one court of appeals has reached the opposite result. *Fant v. State*, 881 S.W.2d 830, 834 (Tex. App.—Houston [14th Dist.] 1994, pet. granted).

Both Solar and Urtado argue, and the trial court found, that the civil forfeiture of Solar and Urtado's swag "punished" them for the same cocaine possession offense for which they were to be criminally tried. We disagree.

The Texas Legislature has created two distinct classes of drug offenses which may be prosecuted and punished separately: one is *delivery* of a controlled substance punishable under TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon Supp.1995) and the other is *possession* of a controlled substance punishable under TEX.HEALTH & SAFETY CODE ANN. § 481.115 (Vernon Supp.1995). Double jeopardy does not bar prosecution for distinct possession and delivery offenses where separate drug quantities are identified for each offense. *See Smith v. State*, 873 S.W.2d 773, 775 (Tex.App.—Fort Worth 1994, no pet.); *Toro v. State*, 780 S.W.2d 510, 512 (Tex.App.—San Antonio 1989, no pet.); *Torrez Diaz v. State*, 762 S.W.2d 701, 704 (Tex. App.—Houston [14th Dist.] 1988), *pet. ref'd*, 796 S.W.2d 183 (Tex.Crim.App.1990). Since the State may prosecute both of these separate criminal offenses without violating the defendant's protection against double jeopar-

87 (Tex.App.—Fort Worth 1993, no pet.). Accordingly, it is no longer appropriate to inquire whether two punishments are for the same "conduct"; rather, the inquiry is whether the punishments are for the same *offense*.

4. Notably, the United States Supreme Court has held that the Double Jeopardy Clause does not preclude the imposition, in a single trial, of cumulative punishments when the legislature spe-

cifically authorizes cumulative punishment for the same offense under separate statutes. *Missouri v. Hunter*, 459 U.S. 359, 368–69, 103 S.Ct. 673, 679, 74 L.Ed.2d 535, 543–44 (1983); *Albernaz v. United States*, 450 U.S. 333, 340, 101 S.Ct. 1137, 1142–43, 67 L.Ed.2d 275, 282 (1981); *Whalen v. United States*, 445 U.S. 684, 693, 100 S.Ct. 1432, 1438, 63 L.Ed.2d 715, 724–25 (1980).

dy, we find no reason why the State may not target one through a civil action and the other through a criminal prosecution. *Ex parte Tomlinson*, 886 S.W.2d at 547.

This is clearly what the State attempted to do in this case. The indictments charge Solar and Urtado with the "possession" of cocaine seized from their residence. In contrast, the civil forfeiture suit alleged that the seized property was either "intended to be used in the commission" of a felony under article 59.01(2)(B), or alternatively "proceeds gained from the commission" of a felony offense under article 59.01(2)(C). There is no evidence in the record indicating that the property was used or intended to be used "in commission" of Solar and Urtado's possession of the cocaine. Instead, the forfeiture file shows that the forfeiture was based on information Officer North received from Lujan relating to one or more prior deliveries of cocaine. Moreover, the fact that the State pleaded an alternative "proceeds" ground necessarily indicates that the State was targeting a delivery offense; the mere possession of cocaine logically would not yield "proceeds." *Ex parte Tomlinson*, 886 S.W.2d at 547. Therefore, we find that the criminal prosecutions are not jeopardy barred by the civil forfeiture proceeding because the forfeiture was based on a separate and distinct offense from that which Solar and Urtado are threatened with prosecution. *Cf. Smith*, 873 S.W.2d at 775 (no jeopardy bar where a defendant was prosecuted for both delivery of cocaine and possession of cocaine, since two acts involved).

The authorities cited by Solar and Urtado are distinguishable. In each cited case, the State targeted exactly the same offense in both civil and criminal actions. *See Kurth Ranch*, —— U.S. at ——, 114 S.Ct. at 1942–43, 128 L.Ed.2d at 774–75 (involving criminal convictions for possession and conspiracy to possess drugs with later civil tax applied to the same possessed drugs); *Dixon*, 509 U.S. at ——, 113 S.Ct. at 2853, 125 L.Ed.2d at 556 (concerning use of contempt proceedings and criminal prosecution for same drug offense); *Halper*, 490 U.S. at 437–39, 109 S.Ct. at 1896–97, 104 L.Ed.2d at 495 (applying civil and criminal actions to the same sixty-five

false claim violations); *United States v. $405,089.23 U.S. Currency*, 33 F.3d 1210, 1216 (9th Cir.1994) ("this civil forfeiture action and the claimants' criminal prosecution addressed the identical violations of the identical laws"), *amended by* 56 F.3d 41 (1995); *Tilley*, 18 F.3d at 297–98 (predicating civil forfeiture proceeding on the same drug trafficking offenses as charged in the indictment); *Fant*, 881 S.W.2d at 831 (involving single charge of possession with intent to deliver followed by civil forfeiture); *see also United States v. Sanchez–Escareno*, 950 F.2d 193, 194–95 (5th Cir.1991) ("The assessed civil fines addressed the same conduct which was the basis of the subsequent criminal indictments."), *cert. denied*, —— U.S. ——, 113 S.Ct. 123, 121 L.Ed.2d 78 (1992).

Nonetheless, Solar and Urtado maintain that we are required to find that the civil forfeiture was based on the same offense as the attempted criminal prosecution because the State stipulated that in the forfeiture proceeding that "the activities described in [the forfeiture file] and the search warrant ..., the seizures relating to those [documents] form the basis for the prosecutions.... And there's both—all four of those [sets of documents] relate to one transaction." We do not agree with Solar and Urtado's interpretation of this convoluted stipulation because their reading of it does not comport with the record.

It is clear from the affidavit of Officer North and other documents supporting the forfeiture that, although the same "activities" of the State in seizing the cocaine formed the basis for the civil forfeiture, and, in that sense, both the forfeiture and criminal prosecutions "relate to one transaction," Officer North seized the forfeited property based on information relating to a delivery of cocaine offense involving one or more prior cocaine sales. The facts surrounding the possession charges, however, are entirely different. Those facts involve the two kilos of cocaine found inside Solar and Urtado's residence and Solar and Urtado's connection with that cocaine. Therefore, while evidence of the possession may have been used in the forfeiture proceeding, the civil forfeiture and crim-

148

inal prosecutions are based on factually separate and distinct drug transactions.

In summary, we hold that if the State "punished" Solar and Urtado through the civil forfeiture, the evidence shows it was for a delivery offense. Solar and Urtado have presented no evidence to the contrary. As a result, there is no factual or legal basis for the trial court's finding that the civil forfeiture action was based upon the same "conduct" or offenses charged in the criminal indictments. Since two separate and distinct offenses are at issue, double jeopardy does not bar either Solar's or Urtado's criminal prosecutions for the possession charges.

The State's points of error one, two, and five are sustained. We do not reach the question of whether the civil forfeiture was, in fact, "punishment" under the *Halper* disproportionality rule or the other theories raised under the State's remaining points of error because we have found that separate and distinct offenses are involved.

The district court's orders granting habeas corpus relief are reversed and the cases are remanded to the trial court for further proceedings.