Ex Parte Busby 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00463-CR







Ex Parte: Donald L. Busby, Appellant







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 44,932-A, HONORABLE NORMAN LANFORD, JUDGE PRESIDING








 The county court at law held appellant Donald Busby in contempt. Thereafter,
Busby was charged with two felony indictments. Invoking double jeopardy, Busby sought to bar
further prosecution of the indictments by petition for pretrial writ of habeas corpus in district
court. The district court issued the writ but denied relief. We will affirm the trial court's denial
of relief in part and reverse and render in part.



BACKGROUND


 After issuing numerous orders, including a prior contempt order on August 1, the
county court at law held Busby in contempt on August 29, 1994. The court found that (1) Busby
had failed to hold certain funds in trust as previously directed by court orders, and (2) while under
oath and during an official proceeding before the court, he had falsely stated that his trust account
at that time had a balance of at least $173,613.51. (1)

 The court assessed punishment at confinement in the county jail for five days and
ordered Busby to pay a $500 fine. The court further ordered that Busby could purge himself of
contempt as to the confinement if he paid $63,613.51 plus costs into the registry of the court. 
Busby could not purge himself of contempt as to the fine, and he paid it.

 Thereafter, Busby was charged by indictment with misapplication of fiduciary
property and aggravated perjury. See Tex. Penal Code Ann. §§ 32.45 & 37.02 (West 1994). (2) 
Relying upon Article I, § 14 of the Texas Constitution, and the Double Jeopardy Clause of the
Fifth Amendment of the United States Constitution, appellant sought to bar further prosecution
of the indictments by petition for pretrial writ of habeas corpus in district court. See Stephens v.
State, 806 S.W.2d 812, 814 (Tex. Crim. App. 1990). The court granted the writ but denied
relief.



DISCUSSION


 The Double Jeopardy Clause of the Fifth Amendment states that no person shall
"be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend.
V. The Double Jeopardy Clause protects the accused against three distinct abuses: (1) a second
prosecution for the same offense after acquittal; (2) a second prosecution for the same offense
after conviction; and (3) multiple punishments for the same offense. United States v. Halper, 490
U.S. 435, 440 (1989). The instant cause addresses the protection against a second prosecution
after conviction in the context of a criminal contempt order. 

 The United States Supreme Court has held that, in some circumstances, the Double
Jeopardy Clause bars subsequent criminal prosecution of offenses which form the basis of a
previous order of criminal contempt. United States v. Dixon, 509 U.S. ___, 113 S. Ct. 2849, 125
L. Ed. 2d 556 (1993). In Dixon, the Court applied the "same-elements" test of Blockburger v.
United States, 284 U.S. 299 (1932). The Blockburger test "inquires whether each offense
contains an element not contained in the other; if not, they are the `same offense' and double
jeopardy bars additional punishment and successive prosecution." Dixon, 113 S. Ct. at 2856. We
must first determine whether the contempt order is civil or criminal. Then, if the contempt is
criminal, we must determine whether Blockburger and Dixon bar further prosecution.



Civil v. Criminal Contempt

 The distinction between civil and criminal contempt lies in the nature and purpose
of the penalty imposed. Ex parte Johns, 807 S.W.2d 768, 770 (Tex. App.--Dallas 1991, no writ);
Ex parte Harrison, 741 S.W.2d 607, 609 (Tex. App.--Austin 1987, orig. proceeding); see also
William W. Kilgarlin & Scott A. Ozmun, Contempt of Court in Texas--What You Shouldn't Say
to the Judge, 38 Baylor L. Rev. 291, 297 (1986). In civil contempt, the court exerts its contempt
power to persuade the contemnor to obey a previous order, usually through a conditional penalty. 
Because the contemnor can avoid punishment by obeying the court's order, the courts have coined
the phrase, "the civil contemnor carries the keys of imprisonment in his own pocket." Ex parte
Johns, 807 S.W.2d at 770.

 Conversely, a criminal contempt order is punitive in nature and is an exertion of
the court's inherent power to punish a contemnor for some completed act which affronted the
dignity and authority of the court. In criminal contempt proceedings, the court punishes the
contemnor for improper actions and no subsequent voluntary compliance can enable the contemnor
to avoid punishment for past acts. Id. at 771; see also Tex. Gov't Code Ann. § 21.002(e). 
Moreover, a court can issue a "hybrid" order, combining elements of both civil and criminal
contempt. Ex parte Sanchez, 703 S.W.2d 955, 957 (Tex. 1986).

 In the instant cause, the court committed Busby to jail for five days and ordered
him to pay a $500 fine. The contempt order allowed Busby to purge himself of contempt as to
the jail time only. The order did not permit Busby to purge himself of the fine, which Busby did
pay. We conclude that the contempt order was a "hybrid" one, and that, as such, we must further
consider whether double jeopardy bars further prosecution.



United States v. Dixon

 In Dixon, the Court held that the defendant could not be prosecuted for the same
offense for which he was previously punished with criminal contempt. Dixon, 113 S. Ct. at 2864. 
The Dixon Court did not hold that, in every circumstance, the Double Jeopardy Clause bars
subsequent prosecution of an offense which formed the basis of a previous order of criminal
contempt. Rather, the Court applied the Blockburger test to the offenses at issue and determined
in that case that the Double Jeopardy Clause barred further prosecution. (3) Dixon does not prohibit
subsequent prosecution for conduct which formed the basis of a prior contempt order in every
instance. Dixon simply returned the inquiry to the same elements test of Blockburger.



Blockburger v. United States 

 The Blockburger test "inquires whether each offense contains an element not
contained in the other; if not, they are the `same offense' and double jeopardy bars additional
punishment and successive prosecution." Dixon, 113 S. Ct. at 2856. The Texas and Federal
versions of the Double Jeopardy Clause are essentially identical. Ex parte Tomlinson, 886
S.W.2d 544, 546 (Tex. App.--Austin 1994, no pet.). Federal courts tend to focus on the elements
found in the penal statute, while the Texas Court of Criminal Appeals has focused on the elements
alleged in the indictment. Parrish v. State, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994) ("[t]he
essential elements relevant to a jeopardy inquiry are those of the charging instrument, not of the
penal statute itself.") Because the State protections are potentially broader, we will apply the
Blockburger test by focusing on the charging instruments.



Misapplication of Fiduciary Property

 Busby argues that every element of the misapplication of fiduciary property
indictment is contained within the trial court's contempt order, thereby making the indictment a
lesser included offense of the contempt order. Therefore, as in Dixon, Blockburger and the
Double Jeopardy Clause bar the State from prosecuting the charged offense. We disagree.

 The indictment charges that Busby (1) knowingly and intentionally and contrary
to an agreed, June 10, 1991, court order under which he held those funds; (2) misapplied
insurance settlement proceeds; (3) which he held as a fiduciary, namely as attorney for the
guardians of George Thomas Murphy; (4) in such a manner that involved a substantial risk of loss
to the beneficiaries.

 The contempt order contains findings which encompass the first three elements of
the indictment. However, the court made no finding which corresponds to the fourth element. 
Busby was held in contempt without regard to the manner in which he misapplied funds or the
beneficiaries' resulting risk of loss, if any. For example, simply because Busby failed to timely
deliver funds to the court does not imply that there was a substantial risk that the funds would
never be delivered. The contempt order is silent on the matter. Therefore, neither expressly nor
by implication did the trial court hold Busby in contempt for misapplying funds in a manner
involving a substantial risk of loss to the beneficiaries. Thus, the indictment contains an element
not in the contempt order. If the contempt order also contains an "element" not in the indictment,
then double jeopardy does not bar further prosecution of the charged offense. 

 The contempt order is replete with acts for which Busby was held in contempt that
are not included in the indictment. The indictment charges an offense limited to Busby's failure
to hold the funds in trust as required by a June 10, 1991, court order. However, the trial court
held Busby in contempt because he was ordered to deliver funds on numerous occasions but failed
to do so. Specifically, the contempt order recites that Busby failed to deliver funds to the court
(1) by 11:30 a.m. on August 1, as separately ordered; (2) by 2:30 p.m. on August 1, as separately
ordered; and (3) on August 8, as separately ordered. In sum, the "elements" of Busby's
contemptuous conduct consist of repeated instances of noncompliance with the court's orders. 
These repeated instances of noncompliance are not contained in the indictment. Therefore, the
contempt order contains "elements" not contained in the indictment. Because both the
misapplication of fiduciary property indictment and contempt order each contain at least one
element that the other does not, double jeopardy does not bar the subsequent charge.



Aggravated Perjury

 Busby argues that every element of the aggravated perjury indictment is contained
within the trial court's contempt order, thereby making the indictment a lesser included offense
of the contempt order. Thus, the State is barred from prosecuting the charged offense. We agree.

 The August 29 contempt order provides in pertinent part:



That on August 1, 1994, Donald L. Busby made sworn statements in open Court
that he had in his Trust account the sum of $173,613.51, and exhibited a Xerox
copy of a cashier's check in that amount dated July 14, 1993, drawn on First State
Bank of Temple, Texas, payable to Busby and Associates, P.C. Trust when in fact
he did not have such funds in that account and thus made a false statement to the
court.



 The indictment charges that Busby (1) in connection with and during an official
proceeding; (2) knowingly and intentionally made, while under oath, a false statement; (3) with
knowledge of the statement's meaning and with intent to deceive; (4) that the statement was
required by law to be under oath; and (5) that the statement was material.

 If the contempt order is based upon findings which encompass all five elements of
the indictment, then the indictment would be a lesser included offense of the contempt order. 
Therefore, Blockburger would instruct that the Double Jeopardy Clause bars the State from
prosecuting the charged offense.

 By its express terms, the contempt order contains findings which encompass
elements one, two, and four of the indictment. Moreover, by necessary implication, the contempt
order must encompass elements three and five of the indictment.

 The court issuing the contempt order first held a hearing on August 1, 1994, to
determine whether to find Busby in contempt. The court found that at that hearing Busby falsely
testified under oath that he had the funds in his trust account and exhibited a cashier's check as
proof. Element three requires that one make the false statement with the intent to deceive. Part
of the purpose of the hearing was to determine whether Busby had violated the June 10 order and
whether he had the funds in trust. Through his false testimony, Busby misrepresented that he had
the funds in trust when he did not. Taken in its entirety, the contempt order finds that Busby
made sworn statements during a court proceeding which were untrue and further that he
repeatedly told the court one thing, and then did another, evidencing his intent to mislead the
court. Indeed, the contempt order is titled "Order Holding Donald L. Busby, Attorney At Law,
In Contempt Of Court For Misleading The Court And Failing To Obey Direct Orders Of The
Court And For Commitment To Bell County Jail For Contempt." (emphasis added) Therefore,
the contempt order does encompass element three of the indictment.

 Element five requires that the false statement be material. Section 37.04 of the
Penal Code defines materiality as follows: "A statement is material, regardless of the admissibility
of the statement under the rules of evidence, if it could have affected the course or outcome of the
official proceeding." Tex. Penal Code Ann. § 37.04 (West 1994). 

 Busby falsely testified at the August 1 hearing concerning the very matters in
issue. After concluding that Busby had made false statements under oath, the court held him in
contempt. Thus, as evidenced by the court's contempt order, Busby's false statements were
material and necessarily affected the outcome of the August 1 hearing. Therefore, the August 29
order holding Busby in contempt encompasses element five of the indictment as well.

 Because the August 29 contempt order encompasses all five elements as alleged in
the aggravated perjury indictment, Blockburger instructs that the Double Jeopardy Clause bars the
State from prosecuting Busby under that indictment. 



CONCLUSION


 Having applied the Blockburger test, we hold that the Double Jeopardy Clause does
not bar the State from prosecuting the misapplication of fiduciary property indictment. We also
hold that the Double Jeopardy Clause does bar the State from prosecuting the aggravated perjury
indictment. Therefore, we affirm that portion of the trial court's order denying relief from
subsequent prosecution of the misapplication of fiduciary property indictment. We reverse the
remaining portion of the order and order the aggravated perjury indictment dismissed. 







 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Kidd

Affirmed in Part; Reversed and Rendered in Part

Filed: April 3, 1996

Publish

APPENDIX





1.   For a complete list of the findings enunciated in the August 29 contempt order, refer
to the Appendix to this opinion.
2.   The underlying conduct took place before September 1, 1994, and is governed by
the law in effect at the time the conduct was committed. Because the code amendments
effective September 1, 1994 have no substantive effect on these offenses, the current code
is cited for the sake of convenience.
3.   The Dixon court analyzed a criminal contempt order which held the defendant in
contempt for violating an earlier court order which forbade the defendant from committing
"any criminal offense." 113 S.Ct. at 2853. The trial court incorporated every statutory crime
into the order underlying the contempt charge. Thus, the later charged statutory penal offense
necessarily became a lesser included offense of the contempt order, and Blockburger holds
such prosecutions barred. 


 exhibited a cashier's check as
proof. Element three requires that one make the false statement with the intent to deceive. Part
of the purpose of the hearing was to determine whether Busby had violated the June 10 order and
whether he had the funds in trust. Through his false testimony, Busby misrepresented that he had
the funds in trust when he did not. Taken in its entirety, the contempt order finds that Busby
made sworn statements during a court proceeding which were untrue and further that he
repeatedly told the court one thing, and then did another, evidencing his intent to mislead the
court. Indeed, the contempt order is titled "Order Holding Donald L. Busby, Attorney At Law,
In Contempt Of Court For Misleading The Court And Failing To Obey Direct Orders Of The
Court And For Commitment To Bell County Jail For Contempt." (emphasis added) Therefore,
the contempt order does encompass element three of the indictment.

 Element five requires that the false statement be material. Section 37.04 of the
Penal Code defines materiality as follows: "A statement is material, regardless of the admissibility
of the statement under the rules of evidence, if it could have affected the course or outcome of the
official proceeding." Tex. Penal Code Ann. § 37.04 (West 1994). 

 Busby falsely testified at the August 1 hearing concerning the very matters in
issue. After concluding that Busby had made false statements under oath, the court held him in
contempt. Thus, as evidenced by the court's contempt order, Busby's false statements were
material and necessarily affected the outcome of the August 1 hearing. Therefore, the August 29
order holding Busby in contempt encompasses element five of the indictment as well.

 Because the August 29 contempt order encompasses all five elements as alleged in
the aggravated perjury indictment, Blockburger instructs that the Double Jeopardy Clause bars the
State from prosecuting Busby under that indictment. 



CONCLUSION


 Having applied the Blockburger test, we hold that the Double Jeopardy Clause does
not bar the State from prosecuting the misapplication of fiduciary property indictment. We also
hold that the Double Jeopardy Clause does bar the State from prosecuting the aggravated perjury
indictment. Therefore, we affirm that portion of the trial court's order denying relief from
subsequent prosecution of the misapplication of fiduciary property indictment. We reverse the
remaining portion of the order and order the aggravated perjury indictment dismissed. 







 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Kidd

Affirmed in Part; Reversed and Rendered in Part

Filed: April 3, 1996

Publish

APPENDIX





1.   For a complete list of the findings enunciated in the August 29 contempt order, refer
to the Appendix to this opinion.
2.   The underlying conduct took place before September 1, 1994, and is governed by
the law in effect at the time the conduct was committed. Because th