**Richard Earl CARTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–88–295 CR.**

Court of Appeals of Texas, Beaumont.

June 14, 1989.

**36**

Edward T. McFarland, Lufkin, for appellant.

Gerald Goodwin, Lufkin, for State.

## OPINION

DIES, Chief Justice.

Appellant was a defendant in a criminal action in which he was charged with possession of a controlled substance, Methamphetamine. He pleaded guilty to this charge and was sentenced. Afterwards, he was indicted for manufacture of a controlled substance, Methamphetamine. He then contended the former conviction constituted double jeopardy and filed an application for a writ of habeas corpus, which the court denied, and which brings about this appeal.

Although Appellant has raised four points of error, only one basic issue is involved; namely, whether prosecution of the manufacture charge would cause him to be placed in jeopardy twice for the same offense. Both sides have provided us with excellent briefs, and it is apparent from the authorities that with the fact situation we have here, the answer is not so clear.

Where a single act constitutes a violation of two distinct statutory provisions, there is generally only one offense for double jeopardy purposes unless each statute requires proof of an additional fact that the other does not. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

■ More recent authority examines whether the second prosecution requires the relitigation of factual issues already resolved by the first, and not merely whether each offense involved contains a

separate statutory element. *Brown v. Ohio,* 432 U.S. 161, 166–67, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977); *May v. State,* 726 S.W.2d 573, 574–75 (Tex.Crim.App. 1987); *Peterson v. State,* 738 S.W.2d 688, 689–91 (Tex.Crim.App.1987). If a second prosecution for a different offense requires the relitigation of a fact question previously determined in the first prosecution, then the second is barred by double jeopardy. Under *May* and *Peterson, supra,* a person who is convicted of involuntary manslaughter resulting from his having driven while intoxicated cannot be later tried for the D.W.I. which formed the basis of the manslaughter charge. The opposite is also true. *See Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980).

■ Under the Texas Controlled Substances Act ("The Act"), *TEX.REV.CIV. STAT.ANN. art. 4476–15* (Vernon Supp. 1989), possession is defined as *[sec. 1.02(36)]* "actual care, custody, control, or management." Manufacture is defined as *[sec. 1.02(23)]* "the production, preparation, propagation, compounding, conversion, or processing of a controlled substance...." Therefore, a person can be engaged in the production, preparation, propagation, conversion or processing without having reached the end product, i.e., the controlled substance. The indictment alleges Appellant manufactured Methamphetamine by producing it. In the case at bar, one vial of manufactured Methamphetamine was found in Appellant's refrigerator. There being nothing in the record to indicate whether the Methamphetamine Appellant is now charged with producing is the same as that for which he was convicted of possessing, Appellant is not entitled to relief. *See Illinois v. Vitale, supra; see also Peterson v. State, supra.*

The order of the trial court denying the writ is affirmed.