Luis Del TORO, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–89–00133–CR.

Court of Appeals of Texas,
San Antonio.

Nov. 22, 1989.

---

Adam Cardenas, Jr., San Antonio, for appellant.

Fred G. Rodriguez, Jane Davis, Edward Shaughnessy, III, Criminal Dist. Attys., San Antonio, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from conviction for delivery of a controlled substance (cocaine) following a plea of guilty. The trial court sentenced appellant to seven years' imprisonment. Because there was a plea bargain which the trial court followed, the only subject on appeal is that contained in the written pretrial motion—a double jeopardy plea in bar.

Appellant brings two points of error relative to the double jeopardy plea: 1. The trial court erred in not granting the double jeopardy plea in bar because appellant had been previously convicted of the lesser included offense of possession of cocaine;

and 2. appellant's pretrial application for writ of habeas corpus should have been granted because appellant had been previously convicted of the lesser included offense of possession of cocaine.

In regard to habeas corpus, this court's record does not contain any instruments reflecting an application for habeas corpus. There is no written order denying relief, nor is there a written notice of appeal from that denial as required by TEX.R.APP.P. 44. Therefore, that point is not before us. However, the same question is before the court in point of error one.

The undisputed facts reflected in the record show that on July 3, 1988, undercover officer Erasmo Martinez of the San Antonio Police Department drove to a bar parking lot and was approached by appellant who inquired what he was looking for.[1] The reply was "veintes," meaning $20.00 worth of cocaine. Appellant gave Martinez a plastic bag containing 227 milligrams of cocaine. Martinez contacted detectives R. Dawson and B. Tackett and requested that appellant be identified. He also told them that appellant was "still holding." With the assistance of two uniformed officers, the detectives went to the bar and found appellant sitting at a table outside. Appellant had a brown paper bag which contained a clear plastic packet of 758 milligrams of cocaine. Martinez observed from a distance the arrest for possession of cocaine and identified appellant as his seller. The arrest for possession occurred within thirty minutes of the delivery to Martinez.

Appellant was first indicted for possession of cocaine. TEX.REV.CIV.STAT. ANN. art. 4476–15, § 4.04(a), (b) (Vernon Supp.1989). He entered a plea of guilty and was placed on probation (seven years) on October 3, 1988. The indictment for delivery of cocaine was returned in November, 1988. TEX.REV.CIV.STAT.ANN. art. 4476–15, § 4.03(a), (b) (Vernon Supp.1989).

Appellant relies on *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), arguing that appellant was engaged

---

1. Detective Dawson testified at the hearing on the double jeopardy plea that he "believed" Martinez received the first package of cocaine on the patio of the bar. Martinez' report, introduced at the guilty plea hearing, states otherwise.

in a "single course of conduct," and further that the offense of possession of cocaine was lesser included in the offense of delivery of cocaine. The single course of conduct in *Brown* was driving a stolen car. The prosecution for joyriding (a misdemeanor) was supported by the same conduct which would support the prosecution for theft (a felony). Therefore the conviction for the lessor included offense, joyriding, precluded conviction for the greater offense, theft.

■ We do not agree that the possession of cocaine conviction in the present case precluded conviction for delivery of cocaine. The double jeopardy clause of the United States Constitution, the Fifth Amendment, and article I, sec. 14 of the Texas Constitution afford three protections to the criminal defendant: (1) against a second prosecution for the same offense after acquittal; (2) against a second prosecution for the same offense after conviction; and (3) against multiple punishments for the same offense imposed in a single proceeding. We are concerned here with the second protection.

■ The present case is not one which involves proof of the same offense as an element of the second offense. An example of that situation is a conviction for felony-murder and also a conviction for the underlying felony. A second example is a conviction for aggravated kidnapping and attempted capital murder, both occurring in a single course of conduct. *See January v. State*, 695 S.W.2d 215 (Tex.App.—Corpus Christi 1985), *aff'd*, 732 S.W.2d 632 (Tex.Crim.App.1987).

It was stated in *Brown v. Ohio*, 432 U.S. at 167, n. 6, 97 S.Ct. at 2226, n. 6 that:

> [e]ven if two offenses are sufficiently different to permit the imposition of consecutive sentences, successive prosecutions will be barred in some circumstances where the second prosecution requires the relitigation of factual issues already resolved by the first.

We do not have that situation in the present case. It is clear that the legislative intent was to specify two distinct offenses, delivery and possession of a controlled substance. Even in the days of the Texas "carving doctrine" a defendant who robbed a store with an illegal sawed-off shotgun could be convicted for both possession of the weapon and aggravated robbery. It was held in *Hawkins v. State*, 535 S.W.2d 359, 362 (Tex.Crim.App.1976) that the two were "separate and distinct offenses in law and in fact." The Court reasoned that the moment the defendant was placed in possession of the prohibited weapon, the offense of possession of a prohibited weapon was complete. *Id.* (citations to cases resulting from one continuous transaction in which convictions for two separate and distinct offenses were upheld are omitted). *See Gonzales v. State*, 706 S.W.2d 764, 768 (Tex.App.—San Antonio 1986, pet. ref'd) (noting the demise of the "carving doctrine" in circumstances involving separate offenses in one transaction).

In the present case even if there were one transaction, the offense of delivery of cocaine to Martinez was complete when the delivery was made. The arrest for the offense of possession of a different package of cocaine occurred after that time. Martinez was not involved in that arrest. Even before *Ex parte McWilliams*, 634 S.W.2d 815 (Tex.Crim.App.), *cert. denied*, 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982) (the demise of the "carving doctrine"), two convictions could properly be had under these circumstances.

Moreover, in this case there is not presented a "single course of conduct" as contemplated by *Brown v. Ohio, ante.* The commission of each offense was singular and distinct. The first plastic-enclosed cocaine delivered to Martinez was not the same as the packet in the brown bag found in possession of appellant. Proof of the possession of the second packet of cocaine did not constitute proof of a lesser included offense of delivery of the first packet of cocaine. These are two separate and distinct offenses.[2]

---

**2.** The "possession" statute provides:

(a) Except as authorized by this Act, a person commits an offense if he knowingly or inten-

We conclude the trial court properly denied the double jeopardy plea in bar. The judgment is affirmed.

tionally possesses a controlled substance in Penalty Group 1 unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice.

(b) An offense under Subsection (a) of this section is a felony of the second degree if the amount of the controlled substance possessed is, by aggregate weight, including any adulterants or dilutants, less than 28 grams.

TEX.REV.CIV.STAT.ANN. art. 4476–15 § 4.04 (Vernon Supp.1989).

The "delivery" statute provides:

(a) Except as authorized by this Act, a person commits an offense if he knowingly or intentionally ... delivers ... a controlled substance listed in Penalty Group 1.

(b) An offense under Subsection (a) of this section is a felony of the first degree if the amount of the controlled substance manufactured, delivered, or possessed with intent to manufacture or deliver is, by aggregate weight, including any adulterants or dilutants, less than 28 grams.

TEX.REV.CIV.STAT.ANN. art. 4476–15 § 4.03 (Vernon Supp.1989).

Definitions contained in article 4476–15 are: "Deliver" or "delivery" means that actual or constructive transfer from one person to another of a controlled substance ... Section 1.02(7).

"Possession" means actual care, custody, control, or management. Section 1.02(36).