Roy Leon SMITH, Appellant,

v.

The STATE of Texas, State.

Nos. 2–93–029–CR, 2–93–030–CR.

Court of Appeals of Texas,
Fort Worth.

April 6, 1994.

David L. Richards Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty.; Betty Marshall and Charles M. Mallin, Asst. Chiefs of Appellate Section; Steven W. Conder, Asst. Criminal Dist. Atty. Fort Worth, for appellee.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION

LATTIMORE, Justice.

Appellant, Roy Leon Smith, was convicted by a jury of the offenses of delivery of cocaine, and possession of cocaine with intent to deliver. *See* TEX.HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon 1992). The court assessed punishment at twenty years confinement in the Institutional Division of the Texas Department of Criminal Justice in each case. On appeal Smith raises two points of error contending that he was improperly convicted of the two offenses in violation of: (1) the double jeopardy provision of the Fifth Amendment of the United States Constitution; and (2) the double jeopardy provision under article I, section 14 of the Texas Constitution.

We affirm.

On the evening of January 22, 1991, Officer Franklin, an undercover officer employed by the Fort Worth Police Department, was investigating complaints of illegal narcotic activity on East Powell Street in Fort Worth. After he and a partner parked their unmarked patrol car in front of a residence on the street, Franklin left his vehicle and approached a duplex. A person identified as Smith was sitting in a chair on the front porch of the duplex. When Officer Franklin approached, Smith asked "What do you need?," to which Officer Franklin responded that he needed a "dime." Smith instructed Officer Franklin to go inside the duplex, and Smith followed. Smith then produced a small plastic bag from his right front pants pocket. The bag contained a number of smaller baggies containing what Officer Franklin believed to contain crack cocaine. Officer Franklin gave Smith ten dollars in marked currency, and in return, Smith gave Officer Franklin one of the baggies, which later was determined to contain cocaine. Officer Franklin then left the residence, and notified backup officers that he had made the purchase. Officer Truong then approached Smith to arrest him. As he approached, Smith threw a plastic bag on the ground. Officer Truong informed Smith that he was under arrest for delivery of a controlled substance. After Officer Truong retrieved the bag which Smith had thrown down, Smith was advised that he also was under arrest for possession of a controlled substance with intent to deliver. Officer Truong also recovered the marked currency used earlier by Officer Franklin. Both the plastic bag purchased and bags seized from Smith contained cocaine.

 In his two points of error, Smith contends that he was improperly convicted of two offenses in violation of the double jeopardy provisions of the Fifth Amendment of the United States Constitution and article I, section 14 of the Texas Constitution. The Fifth Amendment of the United States Constitution states "nor shall any person be subject

for the same offense to be twice put in jeopardy of life or limb." U.S. CONST.AMEND. V. The Texas Constitution provides that "[n]o person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction." TEX. CONST. art. I, § 14. These prohibitions serve to protect against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Ex parte Herron,* 790 S.W.2d 623, 624 (Tex.Crim.App.1990) (opinion on reh'g) (citing *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–65 (1969), *overruled on other grounds,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989)). In double jeopardy analysis, the key determination to be made is whether an act or transaction constitutes only one, or two separate offenses. The test under both the United States and Texas Constitutions is where each statutory provision requires proof of a fact which the other statutory provision does not, two separate offenses may be prosecuted. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932); *Ex parte McWilliams,* 634 S.W.2d 815, 824 (Tex.Crim. App.1980) (opinion on reh'g), *cert. denied,* 459 U.S. 1036 (1982). Where the legislature intends that multiple offenses may arise from the same conduct, the prosecution of a defendant in one proceeding for more than one offense is not barred by double jeopardy because that protection does no more than prevent the sentencing court from prescribing a greater punishment than the legislature intended. *See Cook v. State,* 840 S.W.2d 384, 389 (Tex.Crim.App.1992), (citing *Missouri v. Hunter,* 459 U.S. 359, 366–69, 103 S.Ct. 673, 678–79, 74 L.Ed.2d 535, 542–44 (1983)).

The statute in question provides that it is a separate and distinct offense for any person to knowingly or intentionally: (1) manufacture cocaine; (2) deliver cocaine; (3) possess cocaine with intent to manufacture; or (4) possess cocaine with intent to deliver. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon 1992). Three of our sister courts have determined that each of these offenses may be considered a separate "allowable unit of prosecution," and that more than one of these offenses may be prosecuted, even though arising from the same overall transaction, if separate quantities of cocaine are identified for each offense. *Toro v. State,* 780 S.W.2d 510, 511–12 (Tex.App.—San Antonio 1989, no pet.); *Carter v. State,* 774 S.W.2d 35, 36 (Tex.App.—Beaumont 1989, no pet.); *Torrez Diaz v. State,* 762 S.W.2d 701, 704 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). *See also Ex parte Kopecky,* 821 S.W.2d 957, 960–61 (Tex.Crim.App.1992) (holding double jeopardy protection not violated where the defendant is convicted of both aggravated possession of a controlled substance and possession of a controlled substance without a tax payment certificate).

Here, Smith first delivered a quantity of cocaine to Officer Franklin. After a short period of time, Officer Truong approached Smith to arrest him for the delivery offense. Smith, while being arrested, threw down an additional quantity of cocaine that he had on his person. Officer Truong then informed Smith that he also was under arrest for the offense of possession of cocaine with intent to deliver. Under *Blockburger,* these events must be characterized as two separate offenses, since each requires proof of a fact not required by the other offense. In addition, separate quantities of cocaine were involved in each offense. It is true, as Smith argues, that if Smith had sold all of the cocaine he possessed to Officer Franklin, he would have been guilty of only one offense. However, that offense could potentially have been aggravated due to the increased quantity, thus resulting in an increased sentence. Also, Smith received a sentence of twenty years for each separate offense, to be served concurrently. Thus, no actual increase of punishment resulted from the conviction of two offenses. Points of error one and two are overruled.

The judgment of the trial court is affirmed.