TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00235-CR







Juan Arriaga, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0944915, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING







 A jury found Juan Arriaga guilty of aggravated sexual assault of a child under age
fourteen and indecency with a child by exposure. See Tex. Penal Code Ann. §§ 22.021, 21.11
(West 1994 & Supp. 1996). (1) The trial court fixed punishment at forty-years confinement for the
first offense and ten-years confinement for the second. Arriaga appeals. We will affirm the
judgments of conviction.



THE CONTROVERSY


 On August 18, 1994, Arriaga met with a police investigator. During this meeting,
Arriaga admitted that one day, during the previous week, he touched his penis on D.D.'s genital
area, put his penis in D.D.'s mouth, and masturbated in D.D.'s presence. Arriaga told the
investigator about other times that he had sexual contact with D.D. during recent months and
expressed remorse for his actions. On September 4, 1994, an indictment was issued charging
Arriaga with three offenses alleged to have occurred "on or about August 5, 1994." (2)

 At trial, Arriaga's confession was admitted in evidence without objection. The ten-year-old complainant, D.D., testified during trial that: (1) Arriaga "move[d] [his private] around
on my private;" (2) Arriaga had her "suck his private;" (3) Arriaga used her "hand and push[ed]
it up and down his private;" and (4) "white stuff would come out of . . . the tip." The use of
drawings and anatomically correct dolls established that D.D. used the term "private" to refer to
both her own and Arriaga's sexual organs. The jury found Arriaga guilty on counts I and III of
the indictment. 



DISCUSSION AND HOLDINGS


 In a single point of error, Arriaga contends his conviction for indecency with a
child by exposure is barred by the double jeopardy provisions of the United States and Texas
Constitutions. (3) See U.S. Const. amends. V, XIV; Tex. Const. art. I, § 14.

 These constitutional provisions forbid: (1) a second prosecution for the same
offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3)
multiple punishments for the same offense. Torro v. State, 780 S.W.2d 510, 512 (Tex. App.--San
Antonio 1989, no pet.); see also United States v. Halper, 490 U.S. 435, 440 (1989); Ex Parte
Peterson, 738 S.W.2d 688, 689 (Tex. Crim. App. 1987). Arriaga's contention on appeal falls
within the third category. He argues that he has been twice punished for the same offense because
the offense of indecency with a child is a lesser-included offense of aggravated sexual assault. In
support of his argument, Arriaga invites our attention to article 37.09 of the Code of Criminal
Procedure which provides the standard for determining whether a jury instruction on a lesser-included offense is proper when a criminal defendant is on trial for the greater offense. See Tex.
Code Crim. Proc. Ann. art. 37.09 (West 1981).

 We find both the double jeopardy and lesser-included offense analysis inapplicable
to the present case. Arriaga has not been convicted twice for a single act. Rather, the testimony
of the complainant, D.D., and Arriaga's confession establish that he committed at least two illegal
acts which constitute two distinct offenses as charged by the indictment. 

 The evidence shows conclusively that Arriaga caused his penis to contact the genital
area of D.D., a child under age fourteen, and that Arriaga's penis penetrated D.D.'s mouth. 
Either of these acts supports a conviction for aggravated sexual assault. See Penal Code §
22.021(a)(1)(B)(ii), (iii). The evidence shows also that Arriaga masturbated and ejaculated in
D.D.'s presence and that D.D. witnessed this event, thus supporting Arriaga's conviction for
indecency with a child by exposure. See Penal Code § 21.11(a)(2). That these acts occurred
within a short time of one another does not diminish the fact that two separate offenses were
committed.

 Finding no merit to Arriaga's contention that his conviction violates either federal
or state double jeopardy protections, we overrule his point of error and affirm the trial-court
judgments. 



 

 John Powers, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: April 3, 1996

Do Not Publish

 
1. The offenses occurred before September 1, 1994, and are governed by the law in effect
at the time the offenses were committed. Penal Code, 73d Leg., R.S., ch. 900, § 1.01, 1993
Tex. Gen. Laws 3586, 3616. Because the subsequent Code amendments have no substantive
effect on the offenses at issue, the current Code is cited for convenience.
2. In two paragraphs, Count I charges Arriaga with aggravated sexual assault of D.D. by
knowingly and intentionally causing the sexual organ of D.D. to contact his sexual organ and
causing his sexual organ to penetrate D.D.'s mouth. See Penal Code § 22.021(a)(1)(B)(ii),
(iii). Count II, charging sexual contact by touching D.D.'s breast, was abandoned by the State
at trial. Count III charges Arriaga with indecent exposure by "knowingly and intentionally
expos[ing] his genitals, with the intent to arouse and gratify [his] sexual desire." See Penal Code
§ 21.11(a)(2). 
3. In his briefs submitted to the Court, Arriaga raised an additional point of error
claiming ineffective assistance of counsel at the trial court. This point of error was
withdrawn by Arriaga's counsel at oral argument.



">

DISCUSSION AND HOLDINGS


 In a single point of error, Arriaga contends his conviction for indecency with a
child by exposure is barred by the double jeopardy provisions of the United States and Texas
Constitutions. (3) See U.S. Const. amends. V, XIV; Tex. Const. art. I, § 14.

 These constitutional provisions forbid: (1) a second prosecution for the same
offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3)
multiple punishments for the same offense. Torro v. State, 780 S.W.2d 510, 512 (Tex. App.--San
Antonio 1989, no pet.); see also United States v. Halper, 490 U.S. 435, 440 (1989); Ex Parte
Peterson, 738 S.W.2d 688, 689 (Tex. Crim. App. 1987). Arriaga's contention on appeal falls
within the third category. He argues that he has been twice punished for the same offense because
the offense of indecency with a child is a lesser-included offense of aggravated sexual assault. In
support of his argument, Arriaga invites our attention to article 37.09 of the Code of Criminal
Procedure which provides the standard for determining whether a jury instruction on a lesser-inclu