IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 081-03




 

 

FREDDIE L. CAMPBELL, Appellant


 

v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


TARRANT COUNTY




 

 Meyers, J., delivered the opinion of the Court, in which Keller, P.J., and
Price, Johnson, Keasler, Hervey, Holcomb, and Cochran, JJ., join. Keller, P.J., filed
a concurring opinion, in which Keasler, Hervey, and Holcomb, JJ., join. Johnson, J.,
filed a concurring opinion. Womack, J., concurs. 




O P I N I O N 



 On January 30, 2002, Appellant was convicted for the felony offense of possession
of a controlled substance with intent to deliver methamphetamine of 4 grams or more but
less than 200 grams. Tex. Health & Safety Code § 481.112 (Vernon 2002). Appellant
appealed, claiming that the trial court erroneously denied his request for a lesser-included
offense-instruction. The Court of Appeals affirmed the judgment of the trial court. 
Appellant then filed this petition for discretionary review. We will affirm the Court of
Appeals.

 Fort Worth police stopped a maroon Cadillac on June 15, 2000, because it had an
expired dealer's tag. Appellant was a passenger in the Cadillac. After a driver's license
check on the driver, Veronica Alvarez, revealed an outstanding warrant for her arrest,
police officer Moore arrested Alvarez and inquired whether the Cadillac could be
released to Appellant. Alvarez agreed, so Moore asked to see Appellant's driver's
license. Upon checking Appellant's license, Moore discovered that Appellant also had a
warrant for his arrest and arrested Appellant. Officer Moore then inventoried the Cadillac
and discovered a black backpack lying in the backseat behind the front passenger seat
which Appellant had occupied. The backpack had the name of Appellant's stepson
written on it, and it contained "smelly" men's clothing, a "smelly" towel, a cell phone and
a charger, a pager, and a daytime organizer. Inside the organizer, Officer Moore found
two baggies containing what was later determined to be 8.64 grams of methamphetamine,
several small empty baggies, a set of small scales, two syringes, a tourniquet, and an
address book. Alvarez became hysterical when Officer Moore found the items, and she
claimed that the backpack and its contents did not belong to her. Officer John Law,
assisting Officer Moore at the scene, told Appellant he thought the drugs were 
appellant's because of the men's clothing in the backpack. At this point, according to
Alvarez, Appellant admitted, "Yes, that's my stuff."

 Officer Law read Appellant his rights and asked him whether he would make a
statement. Appellant agreed and wrote a statement at the scene explaining that Alvarez
"knew nothing of the things I had in my bag, any drugs or otherwise," and that "this stuff
is for my use, not any other reason than that. I had bought the meth before her picking me
up." 

 In his testimony at trial, although Appellant admitted that the phone, pager, and
address book belonged to him, he alleged that Officer Moore was lying about discovering
them inside the backpack with the drugs. He urged that the backpack and the drugs
instead belonged to his estranged wife who dealt drugs with Alvarez and her ex-husband. 
While Alvarez claimed that Appellant got into the car with the backpack, Appellant said
that Alvarez had told him his wife was the one who had left the backpack in the Cadillac. 
Appellant testified that he gave the false statement about Alvarez knowing nothing of the
drugs and said the drugs were his because: he was afraid of Alvarez's husband, who was
"violent;" he wanted to spare Alvarez's four children; and he was reluctant to implicate
his own wife for the sake of his stepson, who has Down Syndrome. Appellant did,
however, confess that on the day of the offense, he possessed less than one gram of
methamphetamine in a toolbox in his car at the motel where Alvarez had picked him up,
and he admitted that the police had never found the drugs in his toolbox. Based on this
testimony, Appellant requested that the trial court submit a lesser-included offense
instruction to the jury. The trial court refused to charge the jury on the lesser-included
offense, and Appellant appealed.

 On appeal, Appellant argued that the trial court erred by refusing to charge the jury
on the lesser-included offense of possession of under one gram of methamphetamine. 
The Court of Appeals held that, based on the facts of this case, possession of one gram of
methamphetamine was not a lesser-included offense of the charged offense and affirmed
the decision of the trial court. Campbell v. State, No. 2-02-044-CR, 2003 Tex. App.
LEXIS 761 (Tex. App. - Fort Worth, Jan. 9, 2003). 

 We granted review to determine whether the Court of Appeals erred in upholding
the trial court's refusal to charge the jury on the lesser charge of possession of a
controlled substance in an amount less than one gram. Because Appellant confessed to
having less than one gram of methamphetamine in a toolbox in his truck at the time of the
arrest, he claims that the jury could have used his statement to find him guilty only of the
lesser offense of simple possession. The State argues that possession of less than one
gram of methamphetamine in a toolbox at a separate location is not a lesser-included
offense of possession with intent to distribute between 4 and 200 grams of
methamphetamine found in the Cadillac. Thus, the State urges that no jury instruction on
simple possession is warranted. 

 The State correctly cites to many cases which set forth the proper law and
analytical process to determine whether Appellant is entitled to a jury charge as to a
lesser-included offense, but none of those cases deal with simple possession of a
controlled substance less than one gram at a separate location as a lesser-included offense
of possession with intent to distribute between 4 and 200 grams of a controlled substance. 
Thus, the cases cited by the State do not bear directly upon the issue here. We also fail to
see the connection between Appellant's case and the DWI cases he cites.

 Appellant claims that because he was indicted for possession of methamphetamine
between 4 and 200 grams, and because he admitted to having less than one gram of
methamphetamine in a toolbox not located in the Cadillac, he is entitled to a jury
instruction to that effect as a lesser-included offense. He urges that the jury could have
used his testimony about the drugs in the toolbox to support his conviction on the greater
charge or, had it been allowed, the jury could have used it to find him guilty of the charge
of simple possession of a lesser amount. In so urging, he compares his situation to DWI
rulings in which the State is entitled to a synergistic charge when drug-use evidence
comes out in a case where the charging instrument alleges alcohol but not drugs. See
Sutton v. State, 899 S.W.2d 682 (Tex. Crim. App. 1995); Heard v. State, 665 S.W.2d 488
(Tex. Crim. App. 1984); Miller v. State, 342 S.W.2d 440 (Tex. Crim. App. 1960). The
State, on the other hand, argues that because simple possession was not included within
the proof necessary to establish the offense charged, Appellant was not entitled to a jury
instruction. Additionally, the State maintains that no rational jury could have concluded
that Appellant was guilty only of the lesser-included offense.

 On appeal, the Court of Appeals held that proof of the charged offense for
possession of methamphetamine in an amount greater than 4 grams but less than 200
grams required no evidence that Appellant possessed less than a gram of
methamphetamine in a toolbox at a separate location. Citing Moore v. State, 969 S.W.2d
4, 8 (Tex. Crim. App. 1998), and Jacob v. State, 892 S.W.2d 905, 908 (Tex. Crim. App.
1995), and holding that the trial court did not err in refusing to submit Appellant's
requested lesser-included offense instruction, the Court of Appeals determined that: 1)
possession of less than one gram of methamphetamine was not a lesser-included offense
of the charged offense, 2) the purported lesser-included offense did not come within
Article 37.09 of the Texas Code of Criminal Procedure, and 3) it therefore did not meet
the first step of the two-step lesser-included-offense test. Campbell v. State, No. 2-02-044-CR, 2003 Tex. App. LEXIS 761 (Tex. App. - Fort Worth, Jan. 9, 2003).

The Royster test

 A two-part test ("Royster" test) is used to determine whether a lesser-included
offense may be submitted to a jury. Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex.
Crim. App. 1993). First, to be considered a lesser-included offense, the lesser offense
must be included within the proof necessary to establish the offense charged. Id. This
means that the offense must come within the dictates of Article 37.09 of the Texas Code
of Criminal Procedure. Moore, 969 S.W.2d at 6-7. Second, some evidence must exist in
the record that would permit a jury to rationally find that if Appellant is guilty, he is guilty
only of the lesser offense. Rousseau, 855 S.W.2d 672-73; Royster v. State, 622 S.W.2d
442, 446 (Tex. Crim. App. 1981).

 Because Article 37.09 defines a lesser-included offense both in terms of the
offense charged and in terms of the facts of the case, the determination of whether an
offense is a lesser-included offense must be settled on a case-by-case basis. Cunningham
v. State, 726 S.W.2d 151, 153 (Tex. Crim. App. 1987) (citing Day v. State, 532 S.W.2d
302, 315-16 (Tex. Crim. App. 1976)). Accordingly, we must analyze: 1) the elements of
the offense actually charged, 2) the elements of the offense sought as a lesser-included
offense, and 3) the proof actually presented at trial to establish the elements of the
charged offense to see if that proof showed the lesser-included offense. Jacob, 892
S.W.2d at 907-08; Ford v. State, 38 S.W.3d 836, 843 (Tex. App. - Houston [14th Dist.]
2001, no pet.); Moore, 969 S.W.2d at 8.

 Article 37.09, in relevant part, states that an offense is a lesser-included offense if
"it is established by proof of the same or less than all the facts required to establish the
commission of the offense charged." Tex. Code Crim. Proc. Art. 37.09 (Vernon 2004). 
The Texas statute for possession with intent to distribute states that a person commits the
offense when "the person knowingly . . . possesses with intent to deliver a controlled
substance . . . ." Tex. Health & Safety Code § 481.112(a) (Vernon 2002). A person
commits a violation for simple possession, on the other hand, when "the person
knowingly or intentionally possesses a controlled substance . . . ." Tex. Health &
Safety Code § 481.115(a) (Vernon 2002). The only significant difference between
these two statutes is "intent to deliver" the controlled substance. Indeed, Texas courts
have held that simple possession is a lesser-included offense of possession with intent to
distribute. Porter v. State, 873 S.W.2d 729, 735 (Tex. App. - Dallas 1994, pet. ref'd)
("possession of less than 28 grams is a [lesser-included] offense of possession with intent
to deliver an amount greater than 28 grams"); Greer v. State, 783 S.W.2d 222, 224 (Tex.
App. - Dallas 1989, no pet.) ("[p]ossession of a controlled substance is the quintessential
[lesser-included] offense of the crime of possession with intent to deliver"); Upchurch v.
State, 23 S.W.3d 536, 538 (Tex. App. - Houston [1st Dist.] 2000, pet. ref'd); Hanks v.
State, 104 S.W.3d 695, 699-700 (Tex. App. - El Paso 2003), aff'd, 137 S.W.3d 668 (Tex.
Crim. App. 2004). However, we have found no cases dealing with a situation where a
defendant was indicted for possession of between 4 and 200 grams of drugs found at one
location, and requests a lesser-included-offense instruction as to less than a gram of drugs
that were at a different location.

 We find no cases that deal with a defendant claiming that he should be entitled to a
lesser-included-offense instruction for a stash of narcotics found at a separate location
than the stash for which he was indicted. The State argues that no proof of possession of
less than one gram of methamphetamine at a separate location is needed to establish
possession with intent to distribute between 4 and 200 grams of methamphetamine in the
Cadillac, and thus possession of the methamphetamine in the truck is not a lesser-included offense of the charged offense. 

 The facts in Rankin v. State, 953 S.W.2d 740 (Tex. Crim. App. 1996) are similar to
the facts in Appellant's case. In Rankin, police found a rock of crack cocaine under the
seat in a patrol car where the defendant had been sitting, and the defendant was convicted
of possession of a controlled substance (cocaine) weighing less than 28 grams. At trial,
the defendant took the stand and denied that the rock of crack cocaine in the car was his,
but confessed to possessing a different rock of cocaine at home earlier that day. Id. at
741. The court of appeals held that the testimony on the stand was an admission to an
extraneous offense for which the defendant could not be prosecuted in that trial. Rankin
v. State, 881 S.W.2d 14, 17 (Tex. App. - Houston [1st Dist.] 1994), rev'd by Rankin v.
State, 953 S.W.2d 740 (Tex. Crim. App. 1996) ("[w]hen appellant took the stand and
admitted possession of cocaine earlier in the morning, an act that would also fit within the
terms of the indictment, he was admitting that he committed an extraneous offense"). 
This Court reversed the court of appeals, holding that the defendant's confession to
possessing a rock of crack cocaine on the same day was an act that was "shown in the
charging papers," and was thus not an extraneous offense. Rankin, 953 S.W.2d at 741.

 Although the facts in Rankin appear to be similar, the case does not apply here. 
The issue at hand is not whether the offense is an extraneous offense, but rather the
narrower issue of whether the offense is a lesser-included offense. (1) Neither party in
Rankin claimed that one offense was a lesser-included offense of the other. Instead, the
offenses were treated as separate offenses, both falling under the language of the
indictment. See Rankin, 881 S.W.2d at 6-7 (in jury argument the State urged, "If you
don't believe [that the cocaine found in the seat of the patrol car is defendant's] and you
believe Mr. Rankin, that hey, you know, he smoked the crack or, hey, he had already
thrown it down the sink as he testified yesterday . . . then again you find the defendant
guilty"). Here, however, Appellant is claiming that the offenses are essentially part of the
same criminal act, one a lesser degree than the other. Furthermore, the issue in Rankin
was not whether the defendant possessed rock A or rock B, it was whether he possessed
any rock of crack on that day; the possession of rock A was not a defense to rock B. See
Rodriguez v. State, 104 S.W.3d 87, 97 (Tex. Crim. App. 2003)(Cochran, J., dissenting);
see also Rankin, 953 S.W.2d at 746 (Baird, J., dissenting) (testimony of wife related to
extraneous offense because the "indictment alleged only one possession . . . the only
possession of which the State had knowledge").

 Generally, to determine whether an offense is a lesser-included offense, this Court
must evaluate the entire record and consider both the offense charged and the facts
proven in this case. Cunningham, 726 S.W.2d at 153; Banda v. State, 890 S.W.2d 42, 42-43 (Tex. Crim. App. 1994); Sandoval v. State, 865 S.W.2d 463, 465 (Tex. Crim. App.
1993) ("a statement made by a defendant 'cannot be plucked out of the record and
examined in a vacuum' in a lesser-included offense analysis"). The mere fact that the
language in an indictment technically covers two instances of conduct, however, does not
mean that each instance is part of the same criminal act for which the Appellant was
indicted. In the case Luna v. State, 493 S.W.2d 854 (Tex. Crim. App. 1973), this Court
commented on the possibility that although two offenses could appear to be covered by a
single indictment, they could still be two entirely separate offenses. See Luna, 493
S.W.2d at 815. In declaring that "[t]he same offense means the identical criminal act, not
the same offense by name," the Luna Court gave the following example:

 To illustrate, there might be two cases against A for assault to murder on B with a
pistol on the same alleged date, and a judgment of conviction or acquittal occur in
one case. On the face of the pleadings and judgment a plea of former conviction
or acquittal would appear good, and yet A may have tried to kill B on two different
occasions on the same day. 


Id. at 855 (quoting Poteet v. State, 133 S.W.2d 581, 583 (Tex. Crim. App. 1939)). 
Assuming arguendo, that the offense is covered by the language in the indictment, that
mere fact does not make it a lesser-included offense. Luna, 493 S.W.2d at 855. The real
question is whether there is a single act of possession, or two separate acts of possession. 
Id.; Ex Parte Walker, 1991 Tex. App. LEXIS 1581, at *6 (Tex. App. - Corpus Christi
1991) (dism'd for jurisdiction), (defendant was charged in two indictments for possession
of narcotics seized at the same time and at the same location, one small quantity found on
his person and a large quantity found in his hotel room). (2)

 In another case, Parrish v. State, 869 S.W.2d 352 (Tex. Crim. App. 1994),
dealing with the meaning of "same elements" to determine whether an offense was a
lesser-included offense for double jeopardy purposes, the Court noted that "critical
elements of an accusatory pleading, such as time, place, identity, manner, and means,
although not statutory, are germane to whether one offense includes another under Texas
law and to whether several offenses are the same for double jeopardy purposes." Id. at
354 (emphasis in original). Finally, in Smith v. State, 873 S.W.2d 773, 774-75 (Tex. App.
- Fort Worth 1994), the defendant was convicted of delivery of cocaine, and also of
possession of cocaine with intent to deliver. The defendant sold cocaine to an officer
inside a residence, and then threw additional cocaine on the ground as he left the
residence and was being arrested. The court concluded that because each offense
required proof of a fact not required by the other, the offenses were separate and distinct. 
Id. at 775. 

 The essential point to take from Luna, Parrish, and Smith is that, in determining
whether an offense is a lesser-included offense, one must consider statutory elements and
surrounding facts and circumstances to see if there are two distinct criminal acts. Here,
although the lesser offense confessed to by Appellant would at a glance appear to fulfill
the statutory elements of a lesser-included offense, a closer look at the facts reveals that
the alleged possession to which Appellant confessed is a separate offense, unrelated to the
crime for which he was charged. The narcotics that Appellant confessed to possessing
were at a different location than those for which the State offered proof. And, neither the
police nor the State were aware of the other stash of narcotics until Appellant admitted to
the possession at trial, so it is impossible for Appellant to have been indicted for the
possession of the narcotics in the truck. See Rankin, 953 S.W.2d at 745 (Baird, J.,
dissenting) ("[b]ecause the State was not aware of appellant's earlier possession of
cocaine until appellant and his wife testified, the earlier possession could not have been
the offense for which appellant was on trial and was, therefore, an extraneous offense"). 
We find no evidence in the record linking the possession of the narcotics in the backpack
in the Cadillac to the possession of the narcotics in the truck. We therefore conclude that
the possession of less than a gram of methamphetamine in the truck is not a lesser-included offense of the possession with intent to distribute between 4 and 200 grams of
methamphetamine found in the backpack in the Cadillac. Thus Appellant was not entitled
to a lesser-included-offense instruction. The decision of the Court of Appeals is affirmed.


 Meyers, J.


Delivered: October 27, 2004

Publish
1. We recognize that, to get to the issue of whether an offense is a lesser-included offense,
it seems that we would have implicitly found that the offense was not extraneous, because an
extraneous offense cannot logically be a lesser-included offense. However, neither side contends
that the offense is extraneous; rather, the State merely argues that it is not a lesser-included
offense. We therefore decline to consider whether the offense is extraneous and instead answer
the specific issue of whether the offense is a lesser-included offense. 
2. In Walker, the court concluded only that the State did not prove that the possessions were
part of different criminal acts. Still, the reasoning by the court that if there are two separate
criminal acts, then the offense is not a lesser-included offense, is helpful in our decision today.