

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00626-CR

Vance Lee **MASTERS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B19-89
Honorable M. Rex Emerson, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:        Rebeca C. Martinez, Justice
                Irene Rios, Justice
                Beth Watkins, Justice

Delivered and Filed: August 5, 2020

AFFIRMED

A jury convicted Vance Lee Masters of delivery of a controlled substance and possession of a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(a), 481.115(a).  On appeal, Masters contends he was improperly convicted of the two offenses in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.  We affirm the trial court's judgment.

**BACKGROUND**

The underlying facts are not in dispute. Investigator Jeff Purvis of the Kerrville Police Department testified that, on October 31, 2018, Marty Dolan agreed to cooperate with law enforcement to purchase heroin from Masters. According to Purvis, Dolan paid Masters $200 in marked currency for a quarter ounce of heroin in an O'Reilly's parking lot. Masters then drove to his drug source to purchase the heroin. Thereafter, Masters returned to the O'Reilly's parking lot and delivered the heroin to Dolan. Dolan then left the O'Reilly's parking lot and handed the purchased heroin over to Purvis. Meanwhile, Investigator Lucas Flores of the Kerr County Sheriff's Office arrested Masters inside the O'Reilly's for delivery of a controlled substance to Dolan. When questioned by Investigator Flores, Masters admitted that he had an additional amount of heroin in his vehicle. An additional amount of heroin was recovered from Masters's vehicle.

In two counts, Masters was indicted for delivery of a controlled substance and possession with intent to deliver a controlled substance. After a trial by jury, Masters was convicted of delivery of a controlled substance and of possession of a controlled substance, a lesser-included offense of possession with intent to deliver a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(a), 481.115(a). The jury sentenced Masters to twelve years' confinement and ten years' confinement, respectively. The sentences were ordered to run concurrently.

**DOUBLE JEOPARDY**

Masters concedes that he did not present his double jeopardy claim to the trial court. However, Masters argues his double jeopardy claim may be raised for the first time on appeal "when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interests." *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). The State does not

dispute that Masters may raise his double jeopardy claim for the first time on appeal; rather, the State contends that there is no double jeopardy violation apparent on the face of the record or otherwise. We agree there was no violation.

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Double Jeopardy Clause "protects an accused against 1) a second prosecution for the same offense after acquittal, 2) a second prosecution for the same offense after conviction, and 3) multiple punishments for the same offense." *Ex Parte Denton*, 399 S.W.3d 540, 545 (Tex. Crim. App. 2013) (citing *Brown v. Ohio*, 432 U.S. 161, 165 (1977); *Ex parte Amador*, 326 S.W.3d 202, 205 (Tex. Crim. App. 2010)).

Masters contends that the offenses of delivery of a controlled substance and possession of a controlled substance constitute one specific offense because the offenses arose out of the same criminal transaction and involved the same quantity of a controlled substance. Thus, Masters argues his convictions for the offenses of delivery of a controlled substance and possession of a controlled substance violate the Double Jeopardy Clause's protection against multiple punishments for the same offense. We disagree.

"Double jeopardy does not bar prosecution for distinct possession, delivery, or manufacturing offenses where separate drug quantities are identified for each offense." *Guerrero v. State*, 305 S.W.3d 546, 566 n.22 (Tex. Crim. App. 2009) (Cochran, J., concurring). Here, Masters delivered 4.23 grams of heroin to Dolan. The offense of delivery of a controlled substance was complete when the delivery was made to Dolan. *See Toro v. State*, 780 S.W.2d 510, 512 (Tex. App.—San Antonio 1989, no writ). Thereafter, when Investigator Flores arrested Masters for delivery of a controlled substance, Masters admitted that he had an additional quantity of heroin in his vehicle. In Masters's vehicle, 5.47 grams of heroin was found. Masters's delivery of a

quantity of heroin to Dolan and his possession of an *additional* quantity of heroin in his vehicle may be properly characterized as two separate and distinct offenses.  *See Smith v. State*, 873 S.W.2d 773, 775 (Tex. App.—Fort Worth 1994, no writ) (holding the appellant could be convicted of two separate offenses when the appellant delivered a quantity of cocaine to an undercover officer and, while being arrested for that delivery, "threw down an additional quantity of cocaine that he had on his person"); *see also Toro*, 780 S.W.2d at 512 (finding delivery and possession as separate and distinct offenses where the "first plastic-enclosed cocaine delivered to [the undercover officer] was not the same as the packet in the brown bag found in possession of appellant").  Accordingly, Masters's convictions for delivery of a controlled substance and possession of a controlled substance do not violate the Fifth Amendment's Double Jeopardy Clause.  Appellant's sole issue on appeal is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Rebeca C. Martinez, Justice

DO NOT PUBLISH